UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HENRY CROWE,  Case No. 1:13-cv-361
    Plaintiff,

                                                    Beckwith, J.
    vs                                            Wehrman, M.J.

JEROME COOK, et al.,            **REPORT AND**
    Defendants.                      **RECOMMENDATION**

        Plaintiff, an inmate at the Correctional Reception Center in Orient, Ohio, brings this action under 42 U.S.C. § 1983 against Jerome Cook, the Middletown Police Department, prosecutor Michael T. Gmoser, and Judge Wall.  By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

        In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."  *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).  To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious.  *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i).  A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.  *Neitzke v.*

*Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286

(1986)).  Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."  *Id.* at 557.  The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff, who is proceeding pro se, brings this civil rights action against defendants Jerome Cook, the Middletown Police Department, Michael T. Gmoser, and Judge Wall.  (Doc. 1, Complaint, p. 3).  In the complaint, plaintiff alleges that at roughly 3:30 A.M. members of the Butler County Police Department knocked on his door and executed a warrant for his arrest.  *Id.*  Plaintiff claims that the officers illegally searched his home at this time and seized approximately $2,300.00 dollars, which plaintiff claims was unrelated to any crime.  *Id.* at 3-4.  Plaintiff indicates that he was arrested and "taken down to a police station booked and then also denied a counsel first and then moved to the other county of warrant."  *Id.* at 3.  Plaintiff further alleges that he was held for three months, during which he claims that he was denied access to the courts and "no indictment was handed down causing this plaintiff . . . cruel and unusual punishment."  *Id.* at 4.  Plaintiff claims that his funds were never returned to him.

In addition to his cruel and usual punishment claim, plaintiff claims that he was subject to an illegal search and seizure; that he was denied due process; that he was wrongfully restrained; that defendants violated rules of attorney and judicial conduct; that defendants engaged in racial profiling; that his First Amendment rights were violated; and, finally, that defendants exhibited a lack of knowledge of the law.  *Id.* at 3-4.  For relief, he seeks twenty million dollars and for the

3

return of his seized funds.  *Id.* at 4.

Plaintiff's complaint should be dismissed because he fails to state any claims upon which relief may be granted.  First, plaintiff has failed to state a viable claim against the Middletown Police Department because it is not an entity that is capable of being sued.  *See Davis v. Bexley Police Dep't,* No. 2:08cv750, 2009 WL 414269, at *2 (S.D. Ohio Feb. 17, 2009) (citing *Jones v. Marcum*, 197 F. Supp.2d 991, 997 (S.D. Ohio 2002)); *see also Petty v. Cnty. of Franklin, Ohio*, 478 F.3d 341, 347 (6th Cir. 2007) (affirming the dismissal of the sheriff's office as a party because "under Ohio law, a county sheriff's office is not a legal entity capable of being sued for purposes of § 1983"); *Schaffner v. Pell*, No. 2:10cv374, 2010 WL 2572777, at *2 (S.D. Ohio June 21, 2010) (citing *Tysinger v. Police Dep't of City of Zanesville,* 463 F.3d 569, 572 (6th Cir. 2006)) ("A police department is not a juridical entity subject to suit under Ohio law.").  As the district court explained in *Davis, supra,* 2009 WL 414269, at *2:

> Police departments are not independent government entities. They are only the vehicles through which municipalities fulfill their policing functions. *Williams v. Dayton Police Dep't,* 680 F.Supp. 1075, 1080 (S.D.Ohio 1987).  Thus, police departments are not proper § 1983 defendants as they are "merely sub-units of the municipalities they serve." *Jones,* 197 F.Supp. at 1080.

Even if the Court were to liberally construe the *pro se* complaint as alleging claims against the municipality of Middletown, plaintiff's complaint would nevertheless fail to state a claim for relief.  Municipalities cannot be held vicariously liable under § 1983 based on the theory of *respondeat superior* for injuries inflicted solely by their employees or agents.  *See Iqbal,* 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Services*, 436 U.S. 658, 690-92 (1978); *Gregory v. Shelby Cnty., Tennessee*, 220 F.3d 433, 441 (6th Cir. 2000); *see also Davis, supra*, 2009 WL 414269, at *2 ("A plaintiff may not rely on the doctrine of *respondeat superior* to find a

4

government entity liable under § 1983 when the claim is founded solely on an allegation that its agent caused the injury."). To state a claim for relief under § 1983 against a municipality, the plaintiff must allege that his "injuries were the result of an unconstitutional policy or custom" of the municipality. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *see also Monell*, 436 U.S. at 694; *Doe v. Claiborne Cnty.*, 103 F.3d 495, 507 (6th Cir. 1996). *Cf. Polk County v. Dodson*, 454 U.S. 312 (1981) (municipal policy must be "moving force" behind constitutional deprivation). Municipalities and other governmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).

In this case, plaintiff has alleged no facts indicating that the defendants violated his constitutional rights pursuant to a policy or custom of Middletown. In the absence of such allegations, plaintiff has failed to state an actionable claim for relief based on the theory of municipal liability. *See Monell,* 436 U.S. at 693-94.

Plaintiff has also failed to state claims for relief against defendants Michael T. Gmoser or Judge Wall because plaintiff seeks relief from defendants who are immune from such relief.

"Prosecutors are entitled to absolute immunity for conduct 'intimately associated with the judicial phase of the criminal process.'" *Manetta v. Macomb County Enforcement Team*, 141 F.3d 270, 274 (6th Cir. 1998) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). This includes a county prosecutor's initiation of a prosecution and presentation of the State's case at trial. *Imbler*, 424 U.S. at 431. *See also Jones v. Shankland,* 800 F.2d 77, 80 (6th Cir. 1986). A prosecutor's initiation and presentation of a case to a grand jury falls within the traditional functions of the

prosecutor and is shielded by absolute immunity. *Grant v. Hollenbach,* 870 F.2d 1135, 1139 (6th Cir. 1989). Courts have consistently recognized that even the knowing presentation of false testimony to a grand jury or a trial jury are actions protected by absolute immunity. *See Spurlock v. Thompson,* 330 F.3d 791, 797-98 (6th Cir. 2004). *See also Imbler,* 424 U.S. at 413, 430; *Buckley v. Fitzsimmons,* 509 U.S. 259, 267 n. 3 (1993). Such "absolute prosecutorial immunity is not defeated by a showing that a prosecutor acted wrongfully or even maliciously." *Lomaz v. Hennosy,* 151 F.3d 493, 498 n. 7 (6th Cir. 1998).

In this case, plaintiff's claims against defendant Gmoser are apparently premised on the prosecutor's initiation of a prosecution against plaintiff and the forfeiture of plaintiff's money. Because these activities are intimately associated with the judicial phase of the criminal process, defendant Gmoser is entitled to immunity. *See Blakely v. United States*, 276 F.3d 853, 871 (6th Cir. 2002) (citing *Cooper v. Parrish*, 203 F.3d 937, 947 (6th Cir. 2002) ("prosecutorial immunity extends to proceedings where the prosecutor institutes a civil forfeiture proceeding.").

In any event, to the extent that plaintiff contends that defendant Gmoser or any other defendant deprived him of due process by of due process based on the seizure of his money, he has failed to state an actionable claim under § 1983. In order to assert a due process claim, plaintiff must first plead, and ultimately prove, the inadequacy of state remedies for redressing the wrong. *See Vicory v. Walton,* 721 F.2d 1062, 1066 (6th Cir.1983). *See also Hudson v. Palmer,* 468 U.S. 517 (1984); *Parratt v.* Taylor, 451 U.S. 527 (1981), *overruled in part on other grounds, Daniel v. Williams,* 474 U.S. 517 (1984). "If satisfactory state procedures are provided in a procedural due process case, then no constitutional deprivation has occurred despite the injury." *Jefferson v. Jefferson County Pub. Sch. Sys.,* 360 F.3d 583, 587–88 (6th Cir. 2004). Therefore, in

6

order to state a procedural due process claim under section 1983 "the plaintiff must attack the state's corrective procedure as well as the substantive wrong." *Meyers v. City of Cincinnati,* 934 F.2d 726, 731 (6th Cir. 1991) (quoting *Vicory,* 721 F.2d at 1066). A plaintiff "may not seek relief under Section 1983 without first pleading and proving the inadequacy of state or administrative processes and remedies to redress [his] due process violations." *Jefferson,* 360 F.3d at 588.

Plaintiff has not alleged any facts even remotely indicating that his remedies under Ohio law to redress the wrong of which he complains are inadequate. Plaintiff's complaint fails to explain why a state tort remedy for conversion would not suffice to address his claim. *See Fox v. Van Oosterum,* 176 F.3d 342, 349 (6th Cir. 1999). Therefore, plaintiff fails to state a due process claim that is actionable in this § 1983 proceeding.

As to his claims against Judge Wall, plaintiff's complaint must be dismissed because judges are afforded absolute immunity from damages for acts they commit while functioning within their judicial capacity. *Pierson v. Ray,* 386 U.S. 547 (1967); *Barrett v. Harrington*, 130 F.3d 246, 255 (6th Cir. 1997). Judges retain absolute immunity from liability even if they act maliciously or corruptly, as long as they are performing judicial acts and have jurisdiction over the subject matter giving rise to the suit against them. *Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978). *See also Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001); *King v. Love,* 766 F.2d 962 (6th Cir.1985). Plaintiff's complaint alleges no facts indicating that defendant Judge Wall presided over a matter over which he without subject matter jurisdiction or that he performed non-judicial acts.[1]

---

[1] To the extent that plaintiff intends for this Court to review any state court forfeiture proceeding, the court is without jurisdiction under the *Rooker-Feldman* doctrine. *See e.g., McQueen v. Williams*, 2011 WL 2182113, at *4 (E.D. La. April 26, 2011) (collecting cases). *See also, Walker v. Abraham*, 156 F. App'x 536, 537-38 (3rd Cir. 2005) (holding

Finally, plaintiff has named defendant Jerome Cook as a defendant but failed to include any allegation of Cook's involvement in the facts giving rise to the complaint. Even if the Court could decipher Cook's alleged involvement, the complaint contains no factual allegations to support his claims that his arrest was the result of racial profiling, that he was wrongfully restrained or that his First Amendment rights were violated. Because the complaint provides no factual content or context from which the Court may reasonably infer that the defendant violated plaintiff's rights, any claims against defendant Cook should also be dismissed.

Accordingly, in sum, the Court concludes that the plaintiff's § 1983 complaint is subject to dismissal for failure to state a claim upon which relief may be granted.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: June 25, 2013              s/ J. Gregory Wehrman
                                 J. Gregory Wehrman
                                 United States Magistrate Judge

---

that *Rooker-Feldman* doctrine deprived the court of subject matter jurisdiction over § 1983 action claiming that the initiation of state forfeiture proceedings was unconstitutional); *Lee v. Chang*, No. H-09-320, 2009 WL 311100, at *2-3 (S.D. Tex. Feb. 6, 2009) (applying *Rooker-Feldman* doctrine to dismiss complaint claiming that the seizure and forfeiture of money in a civil forfeiture proceeding was unconstitutional under the Fourth Amendment); *Starcher v. Edwardsburg Police Dept.*, No. 1:06-cv-345, 2006 WL 1653162, at *3-4 (W.D. Mich. June 9, 2006) (same).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HENRY CROWE,　　　　　　　　　　　　　Case No. 1:13-cv-361
　　　Plaintiff,
　　　　　　　　　　　　　　　　　　　　Beckwith, J.
　　vs　　　　　　　　　　　　　　　　　Wehrman, M.J.

JEROME COOK, et al.,
　　　Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).